**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PEDRO JEREMIAS PENA, | No.   19-70437 |
| Petitioner, | Agency No. A095-136-737 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2020[**]
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Pedro Pena petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying Pena's application for deferral of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.     Pena argues that under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration court lacked jurisdiction because his original Notice to Appear did not contain a date, time, or location for the hearing. Circuit precedent forecloses this argument, as Pena acknowledges. *See Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) ("We thus hold that there was no error in the BIA's determination that the lack of time, date, and place in the NTA sent to [petitioner] did not deprive the immigration court of jurisdiction over her case.").

2.     To qualify for CAT relief, Pena "must demonstrate that it is more likely than not that he would be tortured if removed to" El Salvador. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019). This torture must also be "inflicted by or at the instigation of or with the consent or acquiescence of a public official." 8 C.F.R. § 1208.18(a)(1).

Substantial evidence supports the denial of Pena's CAT claim. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (standard of review). Pena has not resided in El Salvador since 1995 and identified no past torture. The IJ and BIA also reasonably concluded that the evidence did not provide a sufficient basis for concluding that MS-13 would torture Pena based on his relationship with Montano (a cooperating witness against the gang) or Pena's undisclosed desire to leave MS-13. The vague warnings or threats that Pena allegedly received while in prison do

not compel a finding that Pena is more likely than not to be tortured if he returns to El Salvador. *Duran-Rodriguez*, 918 F.3d at 1028–29.

3.     We review Pena's due process claim de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). To establish a due process violation, Pena must show his immigration proceeding was "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

The IJ did not abuse his discretion in denying Pena's request to subpoena Montano. *See* 8 C.F.R. § 1003.35(b)(1) (providing that an IJ "may" issue a subpoena if the requested evidence is "essential"). Pena had ample time to secure Montano's written or oral testimony and had been granted multiple continuances over the course of a year to do so before seeking the subpoena. Thus, Pena has not demonstrated a due process violation. *Ram*, 529 F.3d at 1241.

**PETITION DENIED**.